IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANDREW GREENE, a/k/a,
ANDREW GREEN,

                    Plaintiff,

          v.                         CASE NO.  12-3003-SAC

STATE OF KANSAS,

                    Defendant.

### MEMORANDUM AND ORDER

          This action was filed pro se by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas, upon forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Mr. Greene mailed this complaint together with two habeas corpus petitions, each upon separate, different types of forms.  Having examined all materials in and attached to the § 1983 complaint, the court finds that it should be dismissed for reasons that follow.


### FILING FEE

          The statutory fee for filing this civil action is $350.00.  Mr. Greene[1] has not paid the fee and has filed an Application to Proceed Without Prepayment of fees (WPF) that is incomplete.  A prisoner seeking to bring an action WPF must submit an affidavit,

---

[1]      The court notes that Mr. Greene's last name on his KDOC records is spelled Green rather than Greene.  The clerk is directed to note on the docket these two names being used by Mr. Greene for financial and other recording purposes.

including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). In addition, as Mr. Greene was informed in a prior case, the prisoner litigant must also obtain from the appropriate official and submit to the court a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). He has again failed to provide any of the financial information that is required to support this motion. This action may not proceed until plaintiff has satisfied the filing fee either by paying the fee in full or by submitting a proper and complete Motion to Proceed Without Prepayment of Fees upon forms provided by the court together with the requisite financial information. If he fails to comply within the time allotted, this action may be dismissed without further notice.

Mr. Greene is forewarned that under § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate account as authorized by § 1915(b)(2).[2]

**BACKGROUND**

In June 2011, Mr. Greene filed a petition for writ of

---

[2]   Once plaintiff has paid the part-fee, his motion will be granted and pursuant to § 1915(b)(2), the Finance Office of the facility where he is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in his account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

habeas corpus pursuant to 28 U.S.C. § 2254 in this court seeking to challenge the state conviction that also is the impetus for this civil complaint.  That action was dismissed without prejudice on July 7, 2011, due to petitioner's failure to satisfy the filing fee prerequisites and to respond to the court's order to show cause why the action should not be dismissed for failure to exhaust state remedies.  In his prior petition, Mr. Greene alleged that he was convicted by a jury in the District Court of Johnson County, Kansas, of rape and was sentenced on April 15, 2011, to life in prison.  The court takes judicial notice of the on-line Kansas Appellate Court docket for <u>State v. Greene</u>, App. Case No. 106640. The docket indicates that since the dismissal of his prior federal action, Mr. Greene filed a Motion to Docket Appeal out of time in the Kansas Court of Appeals (KCA), and that an Order Appointing Counsel was entered.  It also indicates that transcripts have been ordered and completed, and that his direct appeal has been "retained."  Mr. Greene also sought and was granted an extension of time to file his Brief to February 2, 2012.

Having considered all three of Mr. Greene's new actions, it appears that he is making additional premature attempts to challenge his state conviction in federal court.


**<u>ALLEGATIONS AND CLAIMS</u>**

In the instant complaint, Mr. Greene alleges that he was convicted of rape, and that DNA evidence "coupled with other evidence" could show that he is innocent.  He seeks the opportunity

to persuade a federal court that the State's refusal to give him access to DNA testing has violated his due process rights.

## SCREENING

Because Mr. Greene is a prisoner attempting to sue the State or state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b).   Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

## STATE IS IMMUNE TO SUIT

The only defendant named in the caption of plaintiff's complaint is the "State of Kansas."   He then writes that the defendant is "employed as District Attorney Office."   It is elementary that the person from whom the plaintiff seeks relief in a civil complaint be properly named as the defendant in the caption and that sufficient information be provided about each defendant to permit service of process.   Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption.

The court finds that this action is subject to being dismissed because the only named defendant State of Kansas, as well as its agencies, are absolutely immune to suit in federal court. Pennhurts v. Halderman, 465 U.S. 89, 98-100 (1984).

**FAILURE TO STATE A CLAIM**

This action is subject to being dismissed because Mr. Greene fails to allege facts in the complaint sufficient to show that he is entitled to relief under § 1983.  Plaintiff's factual allegations are few as well as contradictory.  He alleges that DNA evidence exists that has "remained untested," while elsewhere in his complaint he claims that the trial court should have suppressed the State's DNA evidence.  Instead of alleging facts, Mr. Greene quotes pages of text from what appear to be opinions of the U.S. Supreme Court and Circuit Courts as well as a petition for writ of certiorari, without citing any sources for the quoted material. Only occasionally, he inserts his name in the place of the actual party's name from the case.  A pro se litigant has the burden of presenting the facts of his case that show that he is entitled to the relief he requests.  He is not expected to submit a legal brief.  Mr. Greene spends so much time and space quoting legal principles and reasoning, while nowhere explaining the facts of his case or how any of the quoted legal material applies to those facts.

The legal material quoted by plaintiff in his complaint includes discussions regarding Supreme Court opinions in <u>Skinner v. Switzer</u>, 562 U.S. ___ , 131 S.Ct. 1289 (Mar. 7, 2011); and <u>District Attorney's Office for the Third Judicial District v. Osborne</u>, 557 U.S. 52, 129 S.Ct. 2308 (2009).  In <u>Skinner</u>, the Supreme Court decided that a postconviction claim for DNA testing can properly be pursued in a § 1983 action.  <u>Skinner</u>, 131 S.Ct. at 1293.  However,

the Court in Skinner also noted that its earlier decision in Osborne "severely limits the federal action a state prisoner may bring for DNA testing." Id. In order to bring such an action under § 1983 in federal court, the prisoner must "show that the governing state law denies him procedural due process." Id.

The prisoner in Skinner had directly appealed his conviction, and unsuccessfully sought state postconviction relief. He specifically sought postconviction DNA testing of vaginal swabs, nail clippings, blood and hairs that were recovered at the crime scene but remained untested. The State in which Skinner was convicted, Texas, had enacted a statute that allowed prisoners to obtain DNA testing "in limited circumstances." Id. at 1295. Skinner had also twice moved in state court under the Texas statute for DNA testing of the yet-untested biological evidence, and unsuccessfully appealed the denials of those motions.

Mr. Greene thus far has only been tried and convicted in state district court. Since he has yet to exhaust even his direct criminal appeals, he appears to be more like the petitioner in Osborne, who "attempt[ed] to sidestep state process through a new federal lawsuit." Osborne, 129 S.Ct. at 2321. Like in Osborne, Mr. Greene has not shown that available discovery procedures in either his state trial or other state proceedings or in a properly brought federal habeas corpus proceeding are facially inadequate, or that his request would be arbitrarily denied.

Mr. Greene in this case has not provided any facts to show that he is entitled under 42 U.S.C. § 1983 to have this court order

that the state official having custody of DNA evidence must provide him with that evidence for testing. He alleges none of the following crucial facts: (1) that the DNA evidence he seeks to test has already been recovered and what it consists of; (2) who obtained and who currently has custody of this evidence; (3) whether or not the evidence he seeks to test was admitted at trial; (4) whether or not he sought discovery of this evidence for defense testing prior to or during his trial, if not why not and if so by what means and with what result; (5) that any new DNA testing procedure has developed since his trial; or (6) that he has raised the claim on direct appeal that any discovery motion seeking DNA evidence for defense testing was improperly denied by the trial court.

Given that Mr. Greene utterly fails to allege facts showing that he availed himself of any state procedure for obtaining DNA evidence for testing, he also clearly fails to describe how any such state procedure was so inadequate that he was denied federal due process. As the Supreme Court pointed out in Osborne, "[i]t is difficult to criticize the State's procedures when Osborne has not invoked them." Id. at 2321. It is Mr. Greene's burden to demonstrate the inadequacy of the state-law procedures available to him. Id. Given that he has not completed the available state procedures and fails to adequately describe any constitutional inadequacy in those procedures, he "can hardly complain that they do not work." Id. In short, the complaint presents no facts whatsoever from which this court might determine that discovery

procedures in Kansas are inadequate, and is subject to being dismissed on that basis.

Mr. Greene is given the opportunity to allege additional facts that are sufficient to show he is entitled to have this court issue an order requiring that he be provided with DNA evidence for testing. If he fails to alleges such facts within the time allotted, this action may be dismissed without further notice. In addition, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This means that Mr. Greene will be assessed a strike.[3]

## ALL OTHER CLAIMS ARE HABEAS IN NATURE

The court further finds that the only factual allegations made in the complaint amount to nothing more than a thinly-veiled attempt to again prematurely challenge his state criminal conviction. His allegations regarding ineffective assistance of counsel, trial court's improper admission of DNA test results, lack

---

[3]      Section 1915(g) of 28 U.S.C. provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Once a prisoner has been assessed three strikes he is required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999).

of witness credibility, insufficiency of the evidence, and even that he is actually innocent[4] are claims that may only be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He is not entitled to have these habeas corpus claims adjudicated in a § 1983 action, simply because he includes the conclusory statement in the complaint that he is seeking DNA evidence for testing. Moreover, as he was informed in his prior § 2254 action, he may not have these claims reviewed in federal court until he has fully and properly exhausted all available state court remedies. It is clear that he has not exhausted his state remedies since his direct appeal is currently pending (Kan.App. Case No. 106640). Accordingly, the court finds that the habeas claims raised in this complaint must be dismissed, without prejudice.

As the court tried to impress upon Mr. Greene in his prior, premature federal habeas action, his efforts should be concentrated on consulting with his appointed appellate counsel and properly pursuing all his claims on his direct appeal. His misguided efforts in this court confirm that he should seek and heed the advice of his counsel on how to properly proceed. If he fails to raise any of his claims on direct appeal, those claims could be considered waived for purposes of federal habeas corpus.

**IT IS THEREFORE BY THE COURT ORDERED** plaintiff is granted

---

[4]    See Osborne, 129 S.Ct. 2322 ("[A] federal actual innocence claim (as opposed to a DNA access claim) would be brought in habeas."). The court also notes that although Mr. Greene states he has met his burden of proving his innocence and has presented evidence that precludes any possibility of his guilt, he has neither described nor presented any such evidence. The habeas claims that he improperly attempts to raise in this § 1983 complaint are not proof of his innocence.

thirty (30) days in which to satisfy the filing fee prerequisite by either paying the filing fee of $350.00 in full or submitting a complete motion to proceed without prepayment of fees on court-provided forms together with the statutorily-mandated certified copy of his inmate account transactions for the preceding six-month period.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to state additional facts sufficient to show that he is entitled to have this court issue an order requiring that he be provided with DNA evidence for testing.

**IT IS FURTHER ORDERED** that the habeas claims raised in the complaint are dismissed, without prejudice, as improperly brought in a § 1983 complaint and for failure to exhaust.

The clerk is directed to send plaintiff IFP forms.  The clerk is also directed to note on the docket the two names being used by Mr. Greene for court financial and other recording purposes.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge