```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ANDREW GREENE, a/k/a,**
**ANDREW GREEN,**

           **Plaintiff,**

        **v.**                          **CASE NO.  12-3003-SAC**

**STATE OF KANSAS,**

           **Defendant.**

### O R D E R

On January 27, 2012, this court screened the complaint filed herein and issued a Memorandum and Order in which it dismissed habeas claims because such claims may only be raised in a habeas corpus petition and state court remedies had obviously not been exhausted on these claims. The court further found that plaintiff had failed to allege facts to show his entitlement to an order by this court requiring that he be provided with DNA evidence from his state criminal trial for testing, but gave him time to allege sufficient additional facts. In addition, plaintiff was ordered to satisfy the filing fee by either paying the fee in full or submitting a Motion to Proceed without Prepayment of Fees.

Plaintiff has since filed two Motions for Leave to Proceed without Prepayment of Fees (Docs. 4 & 12); First Amended Complaint (Doc. 5); Motion to Appoint Expert and to Order

1

Examination and Testing (Doc. 7); Motion for Summary Judgment (Doc. 8); Motion to Appoint Counsel (Doc. 10); and Motion to Inspect Evidence (Doc. 11).  Having considered each of these matters together with the entire file and relevant legal authority, the court determines the pending motions and dismisses this action.

**FACTUAL BACKGROUND**

The court takes judicial notice that Mr. Greene has previously filed three habeas corpus petitions in federal court challenging his state conviction that were each dismissed, without prejudice, for failure to exhaust state remedies.  In prior federal habeas petitions, Mr. Greene has alleged that he was convicted by a jury in the District Court of Johnson County, Kansas, of rape and sentenced on April 15, 2011, to life in prison.  The court also takes judicial notice of the on-line Kansas Appellate Court docket for *State v. Greene*, App. Case No. 106640.  This docket indicates that Mr. Greene sought and was granted extensions of time to file his appellate brief, which he filed on April 4, 2012; and that the State has been granted extensions to file its brief up to September 5, 2012.

The few facts alleged in the First Amended Complaint include the following.  "In connection with the investigation of the case the Johnson County Criminalistic Laboratory conducted"

2

DNA testing on fluid collected from the victim's "vagina swab" and "found the presence of seminal fluid." "The medical examiner divided the material taken from (the victim) into spermatozoa and non-spermatozoa fractions, which were then subject to polymerase Chain Reaction 'PCR' (DNA) testing." "The (PCR) test results on the spermatozoa fractions were inconclusive. The test could not amplify the spermatozoa fractions; therefore, it was unable to ascertain the identity" of the person who left the fluid in the victim. It is reasonable to infer that the person whose seminal fluid was found in the victim was the perpetrator. Plaintiff further states that in his case "then-existing DNA testing methods were technologically inferior to recent DNA testing methods."

**AMENDED COMPLAINT**

Plaintiff may amend his complaint once as of right. His First Amended Complaint (Doc. 5) completely supersedes the original complaint, so that the original complaint is no longer considered. The court is required by statute to screen the First Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2). Having screened all materials filed, the

court finds the First Amended Complaint also fails to state a claim for relief under 42 U.S.C. § 1983.

Plaintiff's Amended Complaint is not upon court-approved forms as required by local court rule, and he again names State of Kansas as the only defendant in the caption despite being informed that he must name all parties in the caption and that the State of Kansas is not a proper defendant because it enjoys absolute immunity. Elsewhere in the complaint Mr. Greene lists Ashley Clark, a forensic scientist, as defendant but then alleges that Clark was not acting under color of state law. No acts or inactions of Clark are described in the complaint. Thus, it appears that plaintiff still fails to name a proper defendant in the caption of his complaint.

In the Amended Complaint, the court is asked to (1) grant plaintiff's "(1983) claim request for funds" from the federal court for DNA retesting; (2) order the "custodians" to "make the evidence available . . . for testing" or retesting; and (3) order "the Johnson County District Court," the clerk of that court, and "the State agencies" to preserve and retain this evidence. The evidence is described as "the seminal fluid retrieved from the alleged victim's body" that "was taken and preserved" including "any bodily fluids collected from" the victim that pertain to her rape and Andrew Greene's prosecution. In the body of the complaint, plaintiff refers to the "Johnson

4

County Sheriff, Criminalist Laboratory" as the "custodians of the evidence."

As legal authority for his requests for orders by this court, plaintiff claims that 21 U.S.C. § 848(q)(9) "authorizes a district court to provide funding for services which are reasonably necessary to support" a habeas corpus petition. He further claims that this federal district court is required by § 848(q) "to provide for the furnishing of investigative and other services" including funds for testing or discovery "upon a showing that such services are reasonably necessary to a habeas petitioner's development of his case."

Plaintiff contends that he has demonstrated that the DNA re-testing sought by him is "reasonably necessary" to support his claim of actual innocence and to show that prejudice resulted from his counsel's ineffective assistance. Plaintiff "argues" in his complaint that "his trial counsel violated his Sixth Amendment right to the effective assistance of counsel" and that he would have been exonerated "but for such ineffectiveness." He claims that counsel failed to effectively cross-examine the state's forensic pathologist, obtain an independent expert to rebut the pathologist's testimony concerning the test results, and to "secure evidence that may have demonstrated that he did not rape" the victim. He states that these allegations "may amount to error warranting federal

habeas relief."  He seeks the new DNA test evidence to "make a truly persuasive showing of innocence" and constitutional error in his trial.

Plaintiff has not demonstrated that DNA testing is reasonably necessary in his case.  Instead, he merely makes several speculative, conclusory statements.  He baldly states that he "has made a preliminary showing of constitutional error" and that a new DNA test is reasonably necessary" to support his claims.  He states that new DNA evidence could provide support for his claim that he is actually innocent, but provides no facts indicating what new testing could be performed or what results or impacts are likely.  He alleges only that new DNA tests "could possibly prove what the original test could not" - his "potential innocence."  He baldly states that the retesting "could possibly procure conclusive evidence" which "may ultimately exonerate" him of rape, and "could substantiate" his habeas claims.  These statements are not facts about all the evidence at his trial or the DNA testing process showing that re-testing is reasonably necessary.

Even if plaintiff had alleged facts showing re-testing is "reasonably necessary," he still alleges no facts providing this federal court with the authority to order DNA testing at this juncture in his pending state criminal proceedings.  Plaintiff's assertion that this court is authorized or required under §

848(q) to provide him with funding and issue orders regarding DNA testing is legally frivolous. 21 U.S.C. § 848(q) was repealed in 2006, but similar provisions can be found at 18 U.S.C. § 3599(a)(1) and (2). Both federal statutes expressly apply to defendants subject to a sentence of death. *See* 21 U.S.C. § 848(q)(4)(A),(B); 18 U.S.C. § 3599(a)(1),(2). Mr. Greene was not sentenced to death. It follows that neither the predecessor § 848(q) nor the current statute applies to him. Plaintiff's citations to Kansas statutes do not establish his right to relief in federal court. Instead, they suggest that he has state remedies that must be pursued.

In its prior screening order, the court discussed *Skinner v. Switzer*, 562 U.S. ___, 131 S.Ct. 1289 (Mar. 7, 2011) and *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52 (2009). It noted that in *Skinner*, the Supreme Court decided that a postconviction claim for DNA testing can properly be pursued in a § 1983 action. *Skinner*, 131 S.Ct. at 1293. However, the Supreme Court also held that in order to bring such an action under § 1983 in federal court, the prisoner must "show that the governing state law denies him procedural due process." *Id.* The prisoner in *Skinner* had already directly appealed his conviction, and unsuccessfully pursued state postconviction remedies. Mr. Greene has completed neither direct nor collateral proceedings in the state courts.

Skinner had already specifically sought postconviction DNA testing of vaginal swabs and other evidence recovered at the crime scene.  The State of Texas where *Skinner* was convicted had enacted a statute that allowed prisoners to obtain DNA testing "in limited circumstances."  *Id.* at 1295.  Skinner had twice moved in state court under the Texas statute for DNA testing of the yet-untested biological evidence, and unsuccessfully appealed the denials of those motions.  Mr. Greene does not allege facts indicating that he ever sought DNA testing in the state courts.  He alleges no facts to refute the findings in this court's prior order that he has thus far only been tried and convicted in state district court, and has yet to exhaust even his direct criminal appeals.  He makes no attempt to show that available discovery procedures in either his state criminal trial or state collateral proceedings are constitutionally inadequate.  Thus, Mr. Greene is technically not even making a postconviction claim for DNA re-testing.  Instead, he still plainly appears, like the petitioner in *Osborne*, to be "attempting to sidestep state process through a new federal lawsuit." *Osborne*, 129 S.Ct. at 2321.

Since Mr. Greene "utterly fails to allege facts showing that he availed himself of any state procedure for obtaining DNA evidence for testing, he also clearly fails to describe how any such state procedure was so inadequate that he was denied

8

federal due process." As the Supreme Court pointed out in *Osborne*, "[i]t is difficult to criticize the State's procedures when Osborne has not invoked them." *Id.* at 2321. Mr. Greene was notified that it was his burden to demonstrate the inadequacy of state-law procedures for seeking DNA testing. *Id.* Given that he has still not completed the available state procedures and makes no attempt whatsoever "to adequately describe any constitutional inadequacy in those procedures," he "can hardly complain that they do not work." *Id.* In short, the First Amended Complaint like the original complaint "presents no facts whatsoever from which this court might determine that discovery procedures in Kansas are inadequate." The court concludes that Mr. Greene still fails to allege any facts showing that he is entitled under § 1983 to have this court order that the state official having custody of remaining DNA evidence, if any, must provide him with that evidence for re-testing.

Plaintiff's bald assertions of 14th Amendment due process claims of actual innocence, denial of access to the courts, and denial of equal protection; 8th Amendment cruel and unusual punishment; and 6th Amendment confrontation and compulsory process do not include any reference to facts in support. Accordingly, they are dismissed as completely conclusory.

9

Mr. Greene was warned that if he failed to allege additional sufficient facts within the time allotted, this action would be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and that he would be assessed a strike. This action counts as a strike against Mr. Greene.

The court reiterates that plaintiff's allegations regarding ineffective assistance of counsel and that he is actually innocent are claims that may only be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Greene has already been informed that he may not have these habeas claims adjudicated in a § 1983 action and multiple times that he may not have these claims reviewed in federal court until he has fully and properly exhausted all available state court remedies. It remains clear that he has not exhausted his state remedies on any of his habeas claims since his direct appeal is currently pending (Kan.App. Case No. 106640). The court repeats that if Mr. Greene fails to fully present any of his claims in state court, those claims could be considered waived for purposes of federal habeas corpus.

**FULL FILING FEE ASSESSED**

Plaintiff's motions to proceed without prepayment of fees are granted, based upon the court's finding from his financial

information that he does not have funds to pay the full fee upfront.  Mr. Greene has previously been informed that the statutory fee for filing a civil action in federal court is $350.00.  He has also been forewarned that under § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee, but instead merely entitles him to pay the fee over time through payments automatically deducted from his inmate account as authorized by § 1915(b)(2).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Applications to Proceed without Prepayment of Fees (Docs. 2, 4 & 12) are granted, and he is assessed the full filing fee of $350.00 for this case to be paid in installments.  The Finance Office of the Facility where plaintiff is currently confined is directed to collect from plaintiff's inmate account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that any habeas claims raised in the First Amended Complaint are dismissed, without prejudice, as improperly brought in a § 1983 complaint and for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that plaintiff's other pending motions (Docs. 7, 8, 10, and 11) are denied as moot.

The clerk is directed to send copies of this Order to plaintiff, to the court's finance office, and to the finance office of the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge